NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALLEN LANARD MCGRIFF,

        Petitioner,

v.                                   Case No. 3:23-cv-1451-TJC-MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

        Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). Petitioner challenges a 2009 state court (Duval County, Florida) judgment and sentence for attempted second degree murder and aggravated battery with a deadly weapon.

The Court previously adjudicated Petitioner's federal habeas claims challenging this judgment and sentence. See McGriff v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-1281-BJD-JBT (M.D. Fla. Jan. 10, 2018) (Doc. 30). Thus, this Court has no authority to consider the claims raised by Petitioner without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of

appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). A review of the Eleventh Circuit's docket does not show that the Eleventh Circuit has granted Petitioner authorization to file a second or successive habeas petition. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

Accordingly, it is

**ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3.      If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[1] Because this Court has determined that a

---

[1] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues

certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must first complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of January, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

caw 12/12
c:
Allen Lanard McGriff, #126091

---

presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.